UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN RE:                                    CASE NO.:  8:18-bk-03533-CPM

NU ALLIANCE COMPANY                       CHAPTER: 7

              Debtor.
_____/

## AMENDED EMERGENCY MOTION TO VALIDATE POST-PETITION FORECLOSURE SALE AND FOR AN ORDER CONFIRMING THE AUTOMATIC STAY IS NOT IN EFFECT – EMERGENCY HEARING REQUESTED

*(Amended as "Emergency" as case is on track for dismissal)*

COMES NOW, **BANK OF AMERICA, N.A.** (the "Movant"), by and through the undersigned counsel, and hereby moves pursuant to §362(c)(4)(A)(i) to Validate the Post-Petition Foreclosure Sale and in support respectfully stating as follows:

1.     On April 30, 2018; NU Alliance Company (the "Debtor") filed a *pro se* petition for relief under Chapter 7 of the United States Bankruptcy Code – presumably to stop a foreclosure sale set for May 1, 2018. The Debtor never provided notice in time to stop the sale from being completed in favor of the Movant. A Third Party Purchaser (the "3PP") proceeded to purchase the property and take related actions consistent with ownership.

2.     Movant avers that notwithstanding the Debtor's filing, the above stated foreclosure sale should be validated by this court as this is the Debtor's third bankruptcy filing within one year.

3.     On August 18, 2017, Nu Alliance Company filed for relief under Chapter 7 of the United States Bankruptcy Code in the Northern District of Georgia. **[17-64500-pwb]** On **October 27, 2017**, the case was dismissed for failure to appear at the Meeting of Creditors.

4.     On November 9, 2017, Nu Alliance Company filed its *second* bankruptcy under Chapter 7 United States Bankruptcy Code, also in the Northern District of Georgia**. [17-69735-pwb]** The case was dismissed on **December 6, 2017** for failure to correct filing deficiency.

ALAW FILE NO. 18-015158

5.       On April 30, 2018, Nu Alliance filed the instant Chapter 7 bankruptcy case **[8:18-bk-03533-CPM]** in the Middle District of Florida, *one day* before the scheduled foreclosure sale on May 1, 2018.

6.       Pursuant to §362(c)(4)(A)(i) – "if a single or joint case is filed by or against a debtor who is an individual under this title and if two (2) or more single or joint cases of the debtor were pending within the previous year, but were dismissed, the stay shall **not** go into effect upon the filing of the later case; and on request of a party in interest, the court shall promptly enter an order confirming that no stay is in effect."

7.       While §362(c)(4)(A)(i) references "individuals" and not businesses or companies, Creditor avers that Nu Alliance is not a real company as; upon information and belief, Nu Alliance initiated a name reservation in Georgia, but never appears to have completed the registration and the registration has since expired.

8.       Furthermore, Nu Alliance is not registered to do business in the state of Florida.  As such, the Debtor should not be considered as a business; and as such, *should* fall within the parameters of the above referenced statute.

9.       Where the factual predicate of § 362(c)(4)(A)(i) is satisfied, no stay arises with the filing of the third petition. *See, e.g., Dixon v. Fed. Nat'l Mortg. Ass'n (In re Dixon)*, 2006 U.S. Dist. LEXIS 84111, 2006 WL 3371500 * 2 (S.D. Tex. 2006); *Payen v. HSBC Mortg. Servs. (In re Payen)*, 2008 Bankr. LEXIS 3245, 2008 WL 545001, * 1 (Bankr. D. Md. 2008); *In re Ferguson*, 376 B.R. 109, 118 (Bankr. E.D. Pa. 2007); *In re Schroeder*, 356 B.R. 812, 812-13 (Bankr. M.D. Fla. 2006); *In re Ortiz*, 355 B.R. 587, 590 (Bankr. S.D. Tex. 2006); *In re McBride*, 354 B.R. 95, 100 (Bankr. D.S.C. 2006); [**27] *In re Winters*, 2006 Bankr. LEXIS 3143, 2006 WL 3392890 * 1 (Bankr. W.D. Va. 2006).

10.       Movant seeks validation of the state court's foreclosure sale in its favor and such relief is particularly appropriate in light of (a) the Debtor's failure to inform the Movant of the bankruptcy filing, (b) the Movant's reliance on the validity of the foreclosure sale, (c) the Debtor's bad faith in filing the petition, and (d) the Debtor's third bankruptcy filing within one year.

11.       Based on the foregoing, Creditor asserts this is the Debtor's third bankruptcy filed within one year and no automatic stay should be in effect, and the court should enter an order confirming the same.

WHEREFORE, **BANK OF AMERICA, N.A.** requests that the Court enter an order the validating the post-petition acquisition of the Debtor's property through a mortgage foreclosure sale, enter an order confirming the absence of the automatic stay, and that the Court grant such other and further relief as might be deemed just, equitable, and proper.

/s/ *Jeffrey S. Fraser, Esq.*

Jeffrey S. Fraser, Esq.
FBN 85894
813-221-4743 ext. 2499
**Albertelli Law**
Attorney for Secured Creditor
PO Box 23028
Tampa, FL 33623
Facsimile: (813) 221-9171
bkfl@albertellilaw.com
Alternate: jfraser@albertellilaw.com

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on this 21st day of May, 2018, I served a copy of the

foregoing on the parties listed below.

<u>SERVICE LIST</u>
NU Alliance Company
7000 Eunice Drive
Riverdale, GA 30274

Dawn A Carapella
P.O. Box 67
Valrico, FL 33595-0067

United States Trustee - TPA7/13
Timberlake Annex, Suite 1200
501 E Polk Street
Tampa, FL 33602

/s/ *Jeffrey S. Fraser, Esq.*
Jeffrey S. Fraser, Esq.
FBN 85894
813-221-4743 ext. 2499
**Albertelli Law**
Attorney for Secured Creditor
 PO Box 23028
Tampa, FL 33623
Facsimile: (813) 221-9171
bkfl@albertellilaw.com
Alternate: jfraser@alaw.net